UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH NELSON AND MARIE NELSON,

       Plaintiffs,
vs.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

       Defendant.
_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, JOSEPH NELSON AND MARIE NELSON, by and through undersigned counsel, and bring this action against the Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("CHASE"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and 1024.36 of Regulation X.

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5.      Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.      Venue in this District is proper because Plaintiffs reside in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      At all times material hereto, Defendant, CHASE, was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

8.      Upon information and belief, on or about May 1, 2011, Chase Home Finance, LLC, merged with and into JPMorgan Chase Bank, National Association. Thus, for ease of reference, Chase Home Finance, LLC and JPMorgan Chase Bank, National Association, will be referred to as CHASE.

9.      At all times material hereto, Defendant, CHASE was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

10.     At all times material hereto, Plaintiffs were and are residents of Miami-Dade County, Florida, and own a home, which is Plaintiffs' primary residence, in Miami-Dade County.

*TL-9133*

11.     At all times material hereto, CHASE, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by CHASE and secured by a mortgage upon Plaintiffs' primary residence and principal dwelling, located at 880 NE 122nd Street, Miami, Florida 33161.

## BACKGROUND AND GENERAL ALLEGATIONS

12.     On or about February 22, 2005, Plaintiffs entered into a fixed rate promissory note agreement with CHASE (the "Note").

13.     The Note was secured by a mortgage on Plaintiffs' residence located at 880 NE 122nd Street, Miami, Florida 33161, in favor of CHASE (the "Mortgage").

14.     Plaintiffs' residence is a residential structure containing one to four family housing units.

15.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

16.     On or about December 16, 2013, a foreclosure action was filed against Plaintiffs in Miami-Dade County, Florida, bearing Case No. 2013-CA-036539 (the "Foreclosure").

17.     After being served with the Foreclosure papers, Plaintiffs retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save their home.

18.     Given that Plaintiffs have owned and lived in their home since 2005, Plaintiffs were eager to pursue every available remedy and protection afforded to them by Congress or otherwise.

19.     Further, in light of the recent financial crisis, Plaintiffs wished to obtain all vital information from their loan servicer to enable them make the most informed decisions moving forward, and to safeguard their individual interests.

*TL-9133*

20. This is of great importance because so many of today's loans and mortgage statements are replete with mistakes, inaccuracies, and occasionally—fraud.

21. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

22. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

23. Plaintiffs had legitimate concerns about specific charges that were being added to Plaintiffs' account on a February 18, 2014, mortgage statement.

24. In an effort to utilize the protections afforded to consumers by Congress, on or about June 9, 2014, Loan Lawyers—on behalf of Plaintiffs—mailed to CHASE a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiffs' RFI"). CHASE received Plaintiffs' RFI on or about June 16, 2014.

25. A true and correct copy of same is attached as Exhibit "A".

26. At said time, Plaintiffs were contemplating what route to take with respect to their upcoming Foreclosure trial, and wanted to be ensure that all amounts charged to their account were true and accurate.

*TL-9133*

27. Plaintiffs' RFI asked CHASE to, among other things, provide information regarding five separate fees labeled as "Charge for Service" imposed on the February 18, 2014, mortgage statement.

28. Specifically, Plaintiffs sought a detailed explanation of these fees, the basis for each, the date of accrual of each, and documentation to support the amount of each fee.

29. CHASE, was obligated to acknowledge receipt of Plaintiffs' RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

30. CHASE, was obligated to provide a written response to Plaintiffs' information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

31. On July 11, 2014, CHASE sent a written response to Plaintiffs' RFI.

32. A true and correct copy of same is attached hereto as Exhibit "B".

33. CHASE's response stated "To further understand your credit dispute, please send us detailed information that includes the specific month and year in dispute, along with your loan number and any supporting documentation." *See* Exhibit "B".

34. Plaintiffs are unsure how statement is relevant to their requests for information made pursuant to 12 C.F.R. § 1024.36, whereby, Plaintiffs pinpointed the specific charges in question and attached a copy of the mortgage statement where these charges were located.

35. CHASE also stated, "Some information you requested is unavailable or considered confidential and cannot be provided"; yet, CHASE did not indicate which information was unavailable or deemed confidential. *See* Exhibit "B".

*TL-9133*

36. In fact, CHASE failed to provide any relevant information to Plaintiffs' information requests. CHASE merely attached a copy of the Note and Security Instrument.

37. In an attempt to amicably resolve the above issues, Plaintiffs' counsel sent CHASE, through its counsel, a letter informing CHASE that its response was deficient of what was asked for.

38. A true and correct copy of the letter is attached hereto as Exhibit "C".

39. The letter provided CHASE with an additional two weeks to obtain the information requested. Plaintiffs' counsel even informed CHASE's counsel that if additional time was needed to respond to Plaintiffs' RFI, additional time may be requested.

40. To date, CHASE has failed or refused to adequately respond to Plaintiffs' RFI, contrary to 12 C.F.R. § 1024.36(d)(1).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

41. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 40.

42. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

TL-9133

43. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

44. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." <u>12 U.S.C. § 2617</u>.

45. CHASE has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) in that CHASE did not provide an adequate response to a request for information within the required timeframe.

46. As such, CHASE has violated 12 U.S.C. § 2605(k)(1)(E).

47. Plaintiffs attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "C".

48. Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and have agreed to pay a reasonable attorney's fee.

49. Plaintiffs are entitled to actual damages as a result of Defendant, CHASE's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to CHASE's failure to adequately respond

*TL-9133*

to Plaintiffs' RFI. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

50. Plaintiffs are entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of CHASE's pattern or practice of noncompliance with Regulation X and RESPA.

51. Plaintiffs' counsel can demonstrate numerous correspondences sent to CHASE, relating to other clients under the applicable statutes, in which CHASE failed to acknowledge or adequately respond as required by law.

52. Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, JOSEPH NELSON AND MARIE NELSON, respectfully asks this Court to enter an order granting judgment for the following:

(a) That CHASE be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

*TL-9133*

**DEMAND FOR JURY TRIAL**

Plaintiffs, JOSEPH NELSON AND MARIE NELSON, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiffs*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*TL-9133*